IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK BRYANT, #M07513, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-02479-SMY |
| | ) |
| ANTHONY WILLS, | ) |
| C/O WILSON, | ) |
| C/O DELANEY, | ) |
| MORGAN GIACOMO, | ) |
| C/O JOHN DOE 1, | ) |
| and C/O JOHN DOE 2, | ) |
| | ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

This case is before the Court for case management. Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from the defendants' alleged failure to protect him from an inmate attack and treat his injuries at Menard Correctional Center. (Doc. 1). The Complaint survived screening under 28 U.S.C. § 1915A. (Doc. 15). Plaintiff was allowed to proceed with one or more claims against C/O John Doe 1 and 2, once they were identified and served with this lawsuit. *Id*. The Current Warden of Menard Correctional Center was named as a defendant in an official capacity for purposes of responding to discovery aimed at identifying C/O John Doe 1 and 2. *Id*.

Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (IFP motion). (Doc. 2). The Court granted the IFP motion and assessed an initial partial filing fee of $31.78 on November 19, 2024. (Doc. 9). Plaintiff's initial partial filing fee was due upon receipt of the Order. *Id*.

When Menard's warden appeared in this matter on July 30, 2025, the Court entered a Doe Identification Order with deadlines and instructions for identifying C/O John Doe 1 and 2. (Doc. 20). According to the Doe Identification Order, Plaintiff was required to identify the unknown defendants by first and last names in a motion for substitution filed on or before October 2, 2025. Plaintiff was warned that failure to identify these defendants by the deadline would result in their dismissal and could also result in dismissal of the entire action for failure to prosecute his claims after the deadline expired. (*Id*. at 3) (citing FED. R. CIV. P. 41(b)).

The Court further noted that Plaintiff had not yet paid any portion of the initial partial filing fee of $31.78. (Doc. 20, p. 1). He was ordered to pay this amount by October 2, 2025. *Id*. Alternatively, Plaintiff was instructed to submit proof of his inability to pay the initial partial filing fee by the same deadline. *Id*. He was warned that failure to comply with the Doe Identification Order could result in dismissal of the entire action. *Id*. at 3 (citing FED. R. CIV. P. 41(b)). Plaintiff did not comply with the Doe Identification Order by October 2, 2025, nor did he seek an extension of time to do so.

On October 9, 2025, the Court entered a Notice of Impending Dismissal (Doc. 27) warning Plaintiff this action would be dismissed for non-compliance with the Court's Order at Doc. 20 and for failure to prosecute his claims if he did not file a Motion to Substitute Defendants to identify C/O John Doe 1 and 2 *and* pay his initial partial filing fee of $31.78 by October 23, 2025. (Doc. 27). Plaintiff did not respond.

Plaintiff has failed to comply with multiple court orders and has also failed to prosecute his claims herein. The Court will not allow this matter to linger. This case will now be dismissed with prejudice for failure to comply with multiple orders and for failure to prosecute. *See* FED. R. CIV. P. 41(b). *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993).

### Disposition

This action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court Orders at Docs. 9, 20, and 27 and his failure to prosecute his claims herein. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997). Plaintiff remains obligated to pay the $350.00 filing fee for this action.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

A proper and timely motion seeking reconsideration of this Order and filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 10, 2025**        *s/ Staci M. Yandle*
                                    **STACI M. YANDLE**
                                    **United States District Judge**