IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| PATRICK BRYANT, #M07513, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 24-cv-02479-SMY |
| ANTHONY WILLS, C/O WILSON, C/O DELANEY, MORGAN GIACOMO, JOHN DOE 1, and JOHN DOE 2, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff Patrick Byant's Motion for Reconsideration of Order Dismissing Case (Doc. 28) and Judgment (Doc. 29).[1] *See* Doc. 31. For the reasons set forth below, the motion is **DENIED**.

## Background

Plaintiff filed the underlying action under 42 U.S.C. § 1983 for constitutional deprivations arising from the defendants' alleged failure to protect him from an inmate attack at Menard Correctional Center. (Doc. 1). Along with the Complaint filed November 13, 2024, Plaintiff submitted a motion for leave to proceed *in forma pauperis* (IFP motion). (Doc. 2). The Court granted the IFP motion and ordered payment of an initial partial filing fee of $31.78 on November 19, 2024. (Doc. 19).

---

[1] The Clerk's Office also opened an appeal upon receipt of this document because Plaintiff entitled it "Notice of Appeal / Reconsider Motion." (Doc. 31). This Order only addresses the pending motion for reconsideration. *See* FED. R. CIV. P. 62.1. Rule 62.1 authorizes a district court to defer, deny, or indicate a ruling on a timely-filed motion it otherwise lacks jurisdiction to consider during a pending appeal. *See* FED. R. CIV. P. 62.1(a)(1)-(3).

1

The Court then reviewed the Complaint under 28 U.S.C. § 1915A. (Doc. 15). Four claims survived screening against the defendants, including two unknown officers identified as "C/O John Doe 1 and 2." *Id*. Before the case could proceed, it was necessary to identify and serve both unknown defendants with this lawsuit. The Current Warden of Menard Correctional Center was added as a defendant in an official capacity for purposes of responding to discovery aimed at identifying C/O John Doe 1 and 2. *Id*.

After the warden appeared on July 30, 2025, the Court entered a Doe Identification Order with instructions and deadlines for litigation the following day. (Doc. 20). At the time, Plaintiff had not paid his initial partial filing fee or requested additional time to do so. *Id*. at 1. The Court ordered him to pay the full initial partial filing fee of $31.78 by October 2, 2025. *Id*. Alternatively, Plaintiff could submit proof of his inability to pay by the same deadline. *Id*. Plaintiff was also ordered to identify both unknown defendants in a motion for substitution filed no later than October 2, 2025. *Id*. at 2-3. Alternatively, Plaintiff could file written notice of any additional steps that could be taken to identify them. *Id*. The Court warned Plaintiff that failure to comply with these Orders could result in sanctions that included dismissal of the entire action for failure to prosecute: "**Plaintiff's failure to comply with this Order and to identify C/O John Doe 1 and/or 2 within the required timeframe will result in the dismissal of C/O John Doe 1 and/ or 2 from the action and may also result in dismissal of the case as a whole for failure to prosecute**." *Id*. at 3 (citing FED. R. CIV. P. 41(b) (emphasis in original)).

Plaintiff missed the deadline for paying his initial partial filing fee and identifying the unknown defendants on October 2, 2025. He did not request an extension. The Court entered a notice of impending dismissal on October 9, 2025. (Doc. 27). Plaintiff was warned that the entire action would be dismissed for non-compliance with the Court's Orders at Docs. 9 and 20, if he failed to comply by October 23, 2025. *Id*. When he did not comply by this final deadline, the Court dismissed the action on November 10, 2025. (Docs. 28, 29).

**Motion for Reconsideration**

Plaintiff electronically filed an unsigned, undated motion seeking reconsideration of the Order Dismissing Case (Doc. 28) and Judgment (Doc. 29) 30 days later on December 10, 2025. (Doc. 31). In the motion, Plaintiff addresses his failure to pay the initial partial filing fee on time. *Id*. However, he does not address his failure to identify the unknown defendants. *Id*.

**Discussion**

Federal Rules of Civil Procedure 59(e) and/or 60(b) generally govern motions challenging the merits of a district court's dismissal order or judgment. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Rule 59(e) permits a district court to amend a judgment in "exceptional cases" involving a manifest error of law or fact or newly discovered evidence not previously available. *Willis v. Dart*, 671 Fed. App'x 376, 377 (7th Cir. 2016). A Rule 59 motion must be filed no more than 28 days after entry of judgment. Rule 60(b) offers "an extraordinary remedy" that is "granted only in exceptional circumstances" involving mistake, surprise, or excusable neglect by the movant; fraud or misconduct by the opposing party; a void or discharged judgment; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion. *Id*. at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)). A Rule 60 motion must be filed within a year of the judgment.

Rule 59(e) does not control this motion. A Rule 59 motion must be filed no more than 28 days after entry of judgment, and this deadline cannot be extended. Plaintiff electronically filed the motion 30 days after entry of judgment. The motion is considered late under Rule 59.

Rule 60(b) governs the motion for reconsideration, but Plaintiff is not entitled to relief under this rule. Plaintiff's motion does not present the type of "exceptional circumstances" contemplated by Rule 60(b).

Plaintiff's case was dismissed for non-compliance with multiple court orders and for failure to prosecute after he consistently missed court-imposed deadlines. This includes the deadline for paying

the initial partial filing fee of $31.78 on November 19, 2024 (Doc 9), the extended deadline for payment by October 2, 2025 (Doc. 20), and the final deadline that expired October 23, 2025 (Doc. 27). Plaintiff now argues that he eventually made this payment on November 10, 2025, but he includes a voucher showing payment made on November 12, 2025 (Doc. 34, p. 2).[2] Regardless, Plaintiff missed all deadlines for payment and failed to request an extension of time to make payment. Rule 60 affords him no relief under the circumstances.

Plaintiff's case was also dismissed for failure to identify the unknown defendants. Plaintiff was given explicit instructions for exchanging information necessary to identify C/O John Doe 1 and 2 in the Doe Identification Order. (Doc. 20). He was required to file a motion for substitution of the defendants no later than October 2, 2025. *Id*. The Court alternatively allowed him to file written notice setting forth additional steps that could be taken to identify them by the same deadline. *Id*. Plaintiff missed the original deadline on October 2, 2025 and the Court's final deadline on October 23, 2025. He requested no extension of time. His motion for reconsideration fails to address this ground for dismissal of the case. (Doc. 31).

## Disposition

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 31) is **DENIED**.

**IT IS SO ORDERED**.

**DATED: 12/11/2025**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[2] The Court also received an unsigned letter discussing this matter and mailed in an envelope postmarked October 24, 2025, docketed as received October 29, 2025, with payment made November 12, 2025. The unsigned letter does not satisfy the Orders at Docs. 9, 20, or 27.

4